# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**BLACKHAWK MINING, LLC,**
**Employer Below, Petitioner**

**vs.)   No. 21-0406** (BOR Appeal No. 2055895)
                          (Claim No. 2019019469)

**BOBBY TAYLOR,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC, by Counsel Billy R. Shelton, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Bobby Taylor, by Counsel Robert H. Carlton, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted Mr. Taylor a 4% permanent partial disability award on June 11, 2019. On October 30, 2020, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and granted a 10% permanent partial disability award. This appeal arises from the Board of Review's Order dated April 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(e) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

On February 28, 2019, Mr. Taylor, a shuttle car operator, was working with a group of miners when he stepped backward off a feeder and twisted his ankle. He was unable to put pressure on it, and EMTs were called. He was transported to Logan Regional Medical Center where x-rays of his ankle, foot, and leg were normal. A staff physician completed the physician's section of the Report of Injury and determined that Mr. Taylor sustained an occupational injury of a sprain of the right ankle. He was released the same day with instructions to follow-up with his doctor if the symptoms continued.

Mr. Taylor followed-up with Daniel Wright, DPM, on March 1, 2019, who placed him off work until April 2, 2019. He was treated for a sprain of the calcaneofibular ligament of the right ankle and placed in a short-leg cast. After two weeks, he was transferred to a boot and placed in a brace. Dr. Wright kept Mr. Taylor off work and suggested physical therapy. On April 29, 2019, he was given an MRI, which revealed a previous injury in the anterior talofibular ligaments but no acute process. The MRI was interpreted to show that the calcaneofibular was intact, and the remaining ligaments were intact. There was a finding that the anterior talo-fibular ligament ("ATFL") was thickened. Subsequently, Dr. Wright released Mr. Taylor to return to work with no restrictions on May 14, 2019.

Mr. Taylor underwent an Independent Medical Evaluation with Prasadarao B. Mukkamala, M.D., on July 1, 2019. After reviewing past medical records and a physical examination, Dr. Mukkamala diagnosed a sprained right ankle. It was determined that Mr. Taylor reached maximum medical improvement for the compensable injury of February 28, 2019. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala found that Mr. Taylor qualifies under Table 42 for 3% whole person impairment for loss of range of motion at the right ankle. He also found 1% whole person impairment for loss of range of motion at the hind foot according to Table 43 of the *Guides*. Dr. Mukkamala concluded that Mr. Taylor has 4% whole person impairment resulting from the compensable injury of February 28, 2019. On July 11, 2019, the claims

administrator granted Mr. Taylor a 4% permanent partial disability award based upon the evaluation of Dr. Mukkamala.

After protesting the claims administrator's decision, Mr. Taylor was evaluated for an Independent Medical Evaluation by Ramanathan Padmanaban, M.D., on October 17, 2019. Mr. Taylor reported that he was still experiencing swelling in his right foot and had no feeling in his right foot. After reviewing the medical record and conducting an examination, Dr. Padmanaban diagnosed a sprained right ankle and right foot. Dr. Padmanaban noted that the MRI revealed a thickening of the ATFL. Mr. Taylor's ATF and calcaneus ligaments were tender upon examination. He was found to be at maximum medical improvement. Dr. Padmanaban found 3% whole person impairment for plantar flexion of 20 degrees and dorsiflexion of 5 degrees at the ankle. For Mr. Taylor's inversion and eversion issue, Dr. Padmanaban found 2% impairment. For his hind foot vagus, 5% whole person impairment was recommended. Dr. Padmanaban concluded that Mr. Taylor has 10% combined whole person impairment for the right ankle resulting from the compensable injury dated February 28, 2019.

Dr. Mukkamala re-evaluated Mr. Taylor on March 5, 2020. Dr. Mukkamala again recommended 4% whole person impairment under the *Guides*. He insisted the difference in his and Dr. Padmanaban's impairment rating was in relation to the range of motion of the hind foot and the observance of any hindfoot deformity. Dr. Mukkamala did not agree with Dr. Padmanaban's assessment of a moderate limitation of motion because Dr. Padmanaban only observed a mild degree of range of motion impairment. Dr. Mukkamala also stated that there was no valgus deformity in the claim, but Dr. Padmanaban recommended 5% impairment for a finding of 10-degree valgus deformity of the hindfoot.

In a Final Decision dated October 30, 2020, the Office of Judges concluded that Mr. Taylor has shown that he is entitled to a greater permanent partial disability award from the report of Dr. Padmanaban, dated October 17, 2019. It was determined that the finding of 10% whole person impairment made by Dr. Padmanaban is the most persuasive medical opinion for calculating permanent impairment. The Office of Judges also noted that Mr. Taylor provided credible evidence at his deposition that he had never had problems with his right ankle. The Office of Judges reversed the claims administrator's Order of July 11, 2019, and granted Mr. Taylor a 10% permanent partial disability award, which is 6% above the amount granted by the claims administrator. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on April 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges found from a preponderance of the evidence that Mr. Taylor has 10% permanent partial disability from his compensable injury based upon the conclusions of Dr. Padmanaban, who found that Mr. Taylor suffered more profound injuries than identified by Dr. Mukkamala. A preponderance of the evidence supports the additional permanent partial disability award in the claim.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn